IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Herbert S., ) <br> ) <br>     *Plaintiff*, ) <br> ) <br>     v. ) <br> ) <br> Kilolo Kijakazi, ) <br> Acting Commissioner of Social Security, ) <br> ) <br>     *Defendant*. ) | Case No. 3:21-cv-50378 <br><br> Magistrate Judge Lisa A. Jensen |

**REPORT AND RECOMMENDATION**

Plaintiff Herbert S. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying him disability insurance benefits. For the reasons set forth below, it is this Court's report and recommendation that Plaintiff's motion for summary judgment be granted, the Commissioner's motion be denied, and the Commissioner's decision be reversed and remanded for further proceedings. Any objection to this report and recommendation must be filed by February 21, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

**I. Background**

In October 2018, Plaintiff filed an application for disability insurance benefits alleging a disability beginning on May 1, 2018, because of major depressive disorder, anxiety disorder, morbid obesity, Type II diabetes, low testosterone, hypoglycemic events, and lumbar spine disease. R. 72. Plaintiff was five foot eight inches tall and weighed over 300 pounds. He was 50 years old on his alleged onset date.

1

Plaintiff has a bachelor's degree in accounting and has worked in the accounting and bookkeeping fields for the past 15 years. R. 250. On his alleged onset date in May 2018, Plaintiff stated that he stopped working because of his conditions and because he had multiple severe anxiety attacks at work. R. 249. However, Plaintiff continued to work intermittently through 2019 as a part-time accountant and bookkeeper through temporary staffing agencies and self-employment. R. 243, 249-50.

Following a hearing, an administrative law judge (ALJ) issued a decision on March 18, 2021, finding that Plaintiff was not disabled. R. 15-28. The ALJ evaluated the period from October 1, 2018 through the date of the decision because he found that Plaintiff had engaged in substantial gainful activity after his alleged onset date. The ALJ found that Plaintiff had two severe impairments: depression and anxiety. The ALJ further found that Plaintiff's lumbar spine disease was not a medically determinable impairment and that his obesity was not a severe impairment. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels with additional non-exertional limitations relating to his mental impairments. The ALJ determined that Plaintiff could not perform his past relevant work as an accountant, but there were other jobs that existed in significant numbers in the national economy that he could perform, namely light and medium, unskilled jobs.

After the Appeals Council denied Plaintiff's request for review on July 29, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If

supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

### III. Discussion

Plaintiff, a 54-year-old man with morbid obesity[1] and back problems, challenges the ALJ's determination that despite his alleged physical impairments he could perform a full range of work at all exertional levels without limitations.[2] Specifically, Plaintiff argues that because the ALJ erred by not finding his lumbar spine disorder to be a medically determinable impairment at step two, the ALJ failed to properly consider whether his lumbar spine disorder, alone or in combination with his obesity, met or equaled a listed impairment at step three and required additional limitations in the RFC determination. The Court agrees that the ALJ's evaluation of Plaintiff's lumbar spine disorder was improper and because this error likely affected the RFC, a remand is required.

---

[1] The ALJ identified Plaintiff's BMI of 46, which is categorized as Level III obesity. R. 18. The ALJ acknowledged that "Level III, termed 'extreme' obesity and representing [sic] the greatest risk for developing obesity-related impairments, includes BMIs greater than or equal to 40." R. 18 n.1; *see also Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014) (stating that a BMI greater than 40 indicates morbid obesity).

[2] Plaintiff does not challenge the ALJ's decision as it relates to his mental impairments. Accordingly, the Court does not address those impairments or the related RFC limitations in this decision.

**A. Step Two**

At step two, the ALJ determines whether the claimant has a medically determinable impairment, and if so, whether that impairment or combination of impairments is severe. 20 C.F.R. § 404.1521. The regulations provide that a medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques" and "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. "We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment." *Id.*

At the step two analysis, the ALJ considered Plaintiff's alleged lumbar spine disease but found no medically determinable impairment. In doing so, the ALJ recognized Plaintiff's complaints of intermittent sciatic nerve pain, leg pain, and corresponding physical therapy but found that the record contained "no objective evidence to support a diagnosis of lumbar spine disease." R. 19. The ALJ highlighted that Plaintiff's only diagnosis was for leg pain, and while Plaintiff was referred to physical therapy in December 2018, he did not begin physical therapy until March 2019 and reported no pain at his initial evaluation. Plaintiff reported low or no pain at subsequent visits and reported he was inconsistent with his home exercise program. In May 2019, Plaintiff's physical exam was normal except for a finding of obesity. In September 2019, Plaintiff was discharged from physical therapy for failing to schedule future appointments. Based on this evidence, the ALJ found that:

> There is no diagnosis nor objective testing supporting the allegation of lumbar spine disease nor any diagnosis relating to the claimant's complaints of lumbar or leg pain. Therefore, in the absence of laboratory or clinical findings or medical observations validating symptoms, the existence of an impairment relating to the claimant's complaints of lumbar spine disease or leg and back pain cannot be medically determined.

R. 19.

Plaintiff challenges the ALJ's decision at step two, arguing that the ALJ failed to consider objective evidence of his lumbar spine disorder. Plaintiff points to a December 18, 2018 x-ray of his lumbar spine showing degenerative changes with facet hypertrophy[3] that the ALJ failed to consider in his analysis. The December 18, 2018 x-ray revealed the following:

> FINDINGS:
> Five non rib-bearing vertebral bodies in the lumbar spine. Degenerative changes of lumbar spine with facet hypertrophy. Grade 1 anterolisthesis of L4 on L5 is again noted. No evidence of new acute fracture. Vertebral body heights are within normal limits. Sacroiliac joints are unremarkable. Mineralization is within normal limits.
>
> IMPRESSION:
> 1. Degenerative changes.
> 2. No evidence of new acute fracture.

R. 411.

Despite recognizing Plaintiff's complaints of back and leg pain, the ALJ did not mention or otherwise consider the x-ray revealing degenerative changes in Plaintiff's back before concluding that there was "no objective testing supporting the allegation of lumbar spine disease." R. 19. The Commissioner does not address the ALJ's failure to find Plaintiff's lumbar spine disorder to be a medically determinable impairment based on the objective x-ray evidence. Instead, the Commissioner argues that an x-ray showing "normal spinal features and non-severe abnormalities" does not establish a *severe* medically determinable impairment and therefore does not contradict the ALJ's finding at step two. Def.'s Resp. at 5, Dkt. 14 (emphasis added).

---

[3] "Facet hypertrophy is the term used to describe a degeneration and enlargement of the facet joints. The facet joints, which are a pair of small joints at each level along the back of the spine, are designed to provide support, stability, and flexibility to the spine." *Jackie L. H. v. Saul*, 418CV00062RLYDML, 2019 WL 4120752, at *3 (S.D. Ind. Aug. 14, 2019), *report and recommendation adopted*, 418CV00062RLYDML, 2019 WL 4118892 (S.D. Ind. Aug. 29, 2019).

However, the Commissioner misconstrues the ALJ's directive at step two by failing to acknowledge that the ALJ must first determine whether Plaintiff has a medically determinable back impairment before determining whether that impairment is severe. *See* 20 C.F.R. § 404.1521. ("After we establish that you have a medically determinable impairment(s), then we determine whether your impairment(s) is severe.").[4] Here, the ALJ determined Plaintiff's lumbar spine disease was not medically determinable, despite objective evidence in support. Although the Commissioner, and the ALJ, point to the lack of a diagnosis for lumbar spine disorder, a medically determinable impairment is established by objective medical evidence, not a diagnosis. *See* 20 C.F.R. § 404.1521 ("We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment."). Accordingly, because the x-ray evidence substantiated Plaintiff's allegation of a medically determinable back impairment, it was an error for the ALJ not to consider it.

Because the ALJ found that Plaintiff's lumbar spine disorder was not medically determinable, he made no findings regarding the severity of that condition. As such, the Commissioner's focus on Plaintiff's failure to show the severity of his lumbar spine disorder overlooks the fact that if Plaintiff's lumbar spine disorder was properly considered a medically determinable impairment, the ALJ would have been required to consider it in combination with Plaintiff's obesity at step three and in the RFC. While obesity remains "not a listed impairment," "the functional limitations caused by the MDI of obesity, alone or in combination with another impairment(s), may medically equal a listing." SSR 19-2p, 2019 WL 2374244, at *4 (May 20, 2019). Additionally, even though the ALJ found Plaintiff's obesity to be a non-severe impairment,

---

[4] The Commissioner's misunderstanding is further shown by her recitation of Plaintiff's arguments, claiming Plaintiff first argues that the ALJ should have found his alleged lumbar condition to be "severe" at step two. Def's Resp. at 3, Dkt. 14.

the ALJ must still consider the combined effects of obesity with Plaintiff's other severe and non-severe impairments when formulating the RFC. SSR 19-2p, 2019 WL 2374244; 20 C.F.R. § 404.1545(a) (stating that an RFC is based on all the relevant evidence in your case record, even non-severe impairments). Accordingly, while it is possible, as the Commissioner argues, that the objective evidence from the x-ray did not support the degree of limitation alleged by Plaintiff, "that would only justify discounting their severity, not ignoring them altogether." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009). The ALJ made no determination of the combined effects of Plaintiff's back condition and obesity when formulating the RFC. *See Goins*, 764 F.3d at 681 ("Like most obese people, the plaintiff can walk. Her obesity is not disabling in itself. But it is an added handicap for someone who has degenerative disc disease."); *Kevin L. v. Kijakazi*, 2:20CV311, 2021 WL 5231737, at *10 (N.D. Ind. Nov. 10, 2021) (finding that obesity with a BMI between 45 and 50 would exacerbate the effects of the plaintiff's degenerative disc disease). Accordingly, the ALJ's failure to address Plaintiff's lumbar spine disorder in combination with Plaintiff's obesity is an error that could alter the RFC and requires a remand.[5]

**B. RFC**

Plaintiff argues that the ALJ's error at step two resulted in the ALJ failing to properly consider whether his lumbar spine disorder, alone or in combination with his obesity, required limitations in the RFC. The Commissioner's response to Plaintiff's RFC challenge, consisting of only one paragraph, faults Plaintiff for failing to "articulate a single functional limitation" resulting from his lumbar spine disorder and obesity. Def.'s Resp. at 7, Dkt. 14. The Commissioner then

---

[5] Plaintiff has failed to file a reply brief in this case, which is some circumstances can result in forfeiture of an argument. *See, e.g., Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (explaining that failing to respond to an argument in a response brief results in waiver). However, because the Commissioner did not address Plaintiff's argument that his lumbar spine disorder should have been considered a medically determinable impairment, Plaintiff has not forfeited the argument by failing to respond in a reply brief.

7

cites to two Seventh Circuit cases in support of a harmless error argument. However, contrary to the Commissioner's argument, the ALJ's failure to find Plaintiff's lumbar spine disorder to be a medically determinable impairment and the ALJ's resulting failure to consider whether his lumbar spine disorder in combination with his obesity required limitations in the RFC is not harmless error as set forth below.

A claimant's RFC is the maximum work that he can perform despite any limitations. *See* 20 C.F.R. § 404.1545(a)(1); Social Security Ruling 96-8p, 1996 WL 374184, at *2. An ALJ must base a claimant's RFC on all relevant evidence in the record, including the claimant's medical history and findings, the effects of treatment, reports of daily activities, medical opinions, and effects of symptoms. 20 C.F.R. § 404.1545(a)(3); Social Security Ruling 96-8p, 1996 WL 374184, at *5.

Although the Commissioner argues that Plaintiff has failed to prove that his impairments imposed any restrictions on his ability to work, she fails to even mention that the state agency physicians evaluated the limiting effects of Plaintiff's back condition and obesity and determined that Plaintiff was limited to light work with additional postural limitations for stairs, stooping, kneeling, and crawling based on his severe dysfunction of the major joints and obesity. R. 75-80, 87-93. The ALJ rejected the state agency physicians' opinions, which were the only medical opinions in the record evaluating the limiting effects of Plaintiff's physical impairments, noting that Plaintiff alleged only intermittent back problems with no diagnosis, was able to "regularly" climb 19 flights of stairs to his apartment while carrying trash bags or groceries and help with household chores, including vacuuming, laundry, and monthly large grocery shopping trips. R. 26.

However, had the ALJ properly recognized Plaintiff's lumbar spine disorder as a medically determinable impairment and evaluated Plaintiff's back impairment in combination with his

8

obesity, the ALJ may have weighed the state agency physicians' opinions differently. For example, the ALJ rejected these opinions, in part, based on the lack of a diagnosis for Plaintiff's back problems. But as stated above, a diagnosis is not dispositive of whether Plaintiff suffered from a medically determinable back impairment. There was objective x-ray evidence revealing degenerative disc disease in Plaintiff's back and there was medical evidence that Plaintiff's conditions caused functional limitations. Accordingly, this Court cannot say that on remand the ALJ would weigh the state agency physicians' opinions the same if he had properly considered Plaintiff's lumbar spine disorder as a medically determinable impairment. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013) (finding an error harmless only when a court can "predict with great confidence that the result on remand would be the same").

In rejecting the state agency physicians' opinions, the ALJ determined that despite Plaintiff's obesity, he had the ability to perform a full range of work at all exertion levels. This would include very heavy work, which requires lifting 100 pounds for a third of an eight-hour workday and 50 pounds for the other two-thirds while presumably standing throughout the entire workday. 20 C.F.R. § 404.1567(e). Despite the likely limiting effects obesity has on a Plaintiff's ability to function, the ALJ made no mention of Plaintiff's obesity or how it was accounted for in the RFC determination. *See Stephanie H. v. Saul*, 19 C 4798, 2021 WL 534659, at *3 (N.D. Ill. Feb. 12, 2021) ("The ALJ gave no evidentiary or logical basis for her conclusion that Plaintiff, a 5'2" woman whose weight ranges between 200 and 232 pounds and has a history of asthma, wrist impairment, and foot surgery, is capable of performing work at all exertional levels."). "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)). "If the ALJ

9

thought that [Plaintiff's] obesity has not resulted in limitations on [his] ability to work, he should have explained how he reached that conclusion." *Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012).

There is no evidence in the record, and the ALJ offers no explanation, suggesting that Plaintiff as a morbidly obese man with degenerative disc disease and complaints of back and leg pain has no physical limitations at any level of exertion. *See Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) ("If Martin can barely perform simple household tasks, it defies reality to conclude that she is able to perform physical labor at *any* level of exertion.") (emphasis in original); *Goins*, 764 F.3d at 681 ("Like most obese people, the plaintiff can walk. Her obesity is not disabling in itself. But it is an added handicap for someone who has degenerative disc disease [among other physical impairments] …. Pain and numbness in the legs caused by spinal disease are bound to be aggravated by obesity.").

Furthermore, the cases the Commissioner relies on in support of a harmless error argument are distinguishable. The Commissioner cites *Weaver v. Berryhill*, 746 Fed. App'x. 574, 578-79 (7th Cir. 2018) (unpublished) and *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) for the proposition that any error in formulating the RFC is harmless because Plaintiff failed to prove that his lumbar spine disorder and obesity imposed any restrictions on his ability to work. Def.'s Resp. at 7-8, Dkt. 14.

In *Weaver*, 746 Fed. App'x. at 577-79, the state agency physicians opined that the plaintiff had no severe impairments that would prevent her from working and the ALJ adopted all the functional limitations suggested by the plaintiff's treating physician. 746 Fed. App'x. at 577-79. In *Jozefyk*, the court found there were no evidence-based restrictions the ALJ could include on remand where the plaintiff pointed only to "self-reported symptoms that doctors, including his

10

own treating physician, could not confirm" and "did not testify about restrictions in his capabilities [ ], and the medical record does not support any." *Jozefyk*, 923 F.3d at 497-98.

In contrast to both of those cases, the state agency physicians in this case found that Plaintiff's back impairment and obesity were severe impairments that limited him to light work with additional postural limitations. Moreover, Plaintiff testified that he had difficulty sitting and standing for more than 10 to 15 minutes, R. 53, 61, and although the ALJ noted Plaintiff's examination from his primary care physician on May 14, 2019 was normal, except for his obesity, R. 19 (citing R. 493), Plaintiff's physical therapy records both before and after that date revealed decreased range of motion, decreased strength, decreased activity tolerance, and difficulty standing and walking. *See* R. 491, 495. Furthermore, the ALJ rejected the state agency physician's limitations in part because Plaintiff was able to "regularly" climb 19 flights of stairs. But as Plaintiff points out, he testified to leaving his apartment only twice a week but that there were days he did not leave his apartment at all. R. 45, 50.

In rejecting the only opinions in the record regarding Plaintiff's physical limitations, and in light of the evidence outlined above, the ALJ has not explained how Plaintiff's ability to climb stairs approximately twice a week and do chores with assistance translates into an ability to perform work at all exertional levels with no limitations, especially where Plaintiff's past relevant work for the last 15 years was sedentary. R. 67. Accordingly, the ALJ failed to build a logical bridge between the evidence and his RFC determination. *See Heather D. v. Kijakazi*, 3:21-CV-50271, 2022 WL 3026958, at *3 (N.D. Ill. Aug. 1, 2022) (remanding where the ALJ did not explain how light work with additional restrictions accommodated the plaintiff's extreme obesity and asthma) (collecting cases).[6]

---

[6] Moreover, even considering the light jobs the ALJ identified Plaintiff was able to perform, this Court cannot say that any error in the RFC is harmless because the ALJ's hypothetical to the vocation expert did

As such, a remand is required for the ALJ to properly consider any limiting effects Plaintiff's lumbar spine disorder and obesity, alone and in combination, have on Plaintiff's ability to work. A more explicit analysis is required on remand to ensure this Court can trace the path of the ALJ's reasoning. In recommending a remand in this case, the Court is not indicating that the issues raised in this appeal must be resolved in a particular way, but rather that they should be explored more thoroughly. All these issues should be considered in a comprehensive analysis on remand with more explicit analysis by the ALJ. Plaintiff's counsel should raise any remaining issues not addressed herein with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

### IV. Conclusion

For the foregoing reasons, it is this Court's report and recommendation that Plaintiff's motion for summary judgment be granted, and the Commissioner's motion be denied, and that the decision of the Commissioner be reversed and remanded for further proceedings consistent with this opinion. This Court declines to recommend a finding of disability based on the record before it because it is more appropriate to remand to the ALJ to properly evaluate the evidence as outlined above and issue a new decision. Any objection to this report and recommendation must be filed by February 21, 2023. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

Date: February 7, 2023        By: *Lisa A. Jensen*
Lisa A. Jensen
United States Magistrate Judge

---

not include the limitations the state agency physicians found for stairs, stooping, kneeling, and crawling. As such, it is not clear whether Plaintiff would be able to perform even the light jobs identified by the ALJ.